1
2
3
4
5
6
7
8                 UNITED STATES DISTRICT COURT
9             FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   MAURICE L. WILLIAMS,                    No.  1:24-cv-00759-SKO (HC)
12              Petitioner,                  **ORDER DIRECTING CLERK OF COURT
                                             TO ASSIGN DISTRICT JUDGE**
13       v.
                                             **FINDINGS AND RECOMMENDATION
14   F. SLIVER, Warden,                      TO SUMMARILY DISMISS PETITION**
15              Respondent.                  **[THIRTY DAY OBJECTION DEADLINE]**
16
17          Petitioner is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for
18   writ of habeas corpus pursuant to 28 U.S.C. § 2241.  He filed the instant petition on July 1, 2024.
19   Petitioner takes issue with a disciplinary proceeding in which he was found guilty of assault with
20   serious injury.  Because the petition fails to state a claim for relief, the Court will recommend it
21   be DISMISSED.
22                                **DISCUSSION**
23   A.      Preliminary Review of Petition
24          Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a
25   petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not
26   entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.
27   The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of
28   habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

1  dismiss, or after an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th Cir.
2  2001).

3  B.      Rules Violation Report

4        Petitioner states he was found guilty in a disciplinary proceeding for assaulting another
5  inmate with serious injury. According to his exhibits, on May 25, 2022, prison staff observed
6  Petitioner and inmate Johnson striking each other with fists to the head and upper torso area.
7  (Doc. 1 at 11.)  Staff issued orders to both inmates to cease their actions, separate, and submit to
8  hand restraints. (Doc. 1 at 11.)  Once inmate Johnson was placed in restraints, Petitioner resumed
9  striking inmate Johnson. (Doc. 1 at 11.)  Petitioner refused orders to cease his actions. (Doc. 1 at
10 11.) Staff then deployed OC spray which proved ineffective. (Doc. 1 at 11.) Staff entered the area,
11 gained control of Petitioner, and placed him restraints. (Doc. 1 at 11.)  A medical assessment
12 conducted by prison medical staff found inmate Johnson had sustained four puncture wounds: one
13 to the back, two to the head/facial area, and one to the left eye. (Doc. 1 at 11.)  Petitioner was
14 sanctioned with 41 days of good conduct time credits. (Doc. 1 at 11.)

15       1.      Due Process Rights in Prison Disciplinary Proceedings

16       Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be
17 diminished by the needs and objectives of the institutional environment.  Wolff v. McDonnell,
18 418 U.S. 539, 555 (1974).  Prison disciplinary proceedings are not part of a criminal prosecution,
19 so a prisoner is not afforded the full panoply of rights in such proceedings.  Id. at 556.  Thus, a
20 prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison.
21 Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989) (citing Superintendent, Mass. Corr. Inst.
22 v. Hill, 472 U.S. 445, 454-455 (1984)).

23       When a prison disciplinary proceeding may result in the loss of good time credits, due
24 process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the
25 disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional
26 goals, to call witnesses and present documentary evidence in his defense; and (3) a written
27 statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.
28 Hill, 472 U.S. at 454; Wolff, 418 U.S. at 563-567.  In addition, due process requires that the

1   decision be supported by "some evidence."  Hill, 472 U.S. at 455 (citing United States ex rel.

2   Vatauer v. Commissioner of Immigration, 273 U.S. 103, 106 (1927)).

3       Petitioner does not claim that his due process protections were violated, and a review of

4   the exhibits reveals that all due process requirements were met.  Petitioner does not claim that he

5   was not provided with more than 24 hours' notice of the hearing; he does not claim that witnesses

6   or documentary evidence were denied; and, he does not claim that he was not provided with a

7   written copy of the disciplinary hearing determination.  According to the exhibits, it appears these

8   procedural due process requirements were satisfied. (Doc. 1 at 9-12.)

9       Finally, Petitioner does not dispute that there was at least "some evidence" to support the

10  decision.  See Hill, 472 U.S. at 455 ("the requirements of due process are satisfied if some

11  evidence supports the decision by the prison disciplinary board to revoke good time credits.")

12  Petitioner's sole complaint is that prison authorities failed to comply with prison regulations

13  because an investigating officer completed the report.  If a prison otherwise complies with due

14  process requirements, the failure to comply with its own more generous procedures is not a

15  constitutional violation.  Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994).  Petitioner does

16  not dispute the facts of the case, to wit, that he assaulted inmate Johnson.

17      For the foregoing reasons, the Court finds that Petitioner fails to state a claim that his due

18  process rights were violated.  Wolff, 418 U.S. at 564; Hill, 472 U.S. at 455.  The petition should

19  be dismissed.

20                                              **ORDER**

21      IT IS HEREBY ORDERED that the Clerk of Court is DIRECTED to assign a District

22  Judge to the case.

23                                          **RECOMMENDATION**

24      For the foregoing reasons, the Court HEREBY RECOMMENDS that the habeas corpus

25  petition be DISMISSED.

26      This Findings and Recommendation is submitted to the United States District Court Judge

27  assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304

28  of the Local Rules of Practice for the United States District Court, Eastern District of California.

3

Within thirty (30) days after being served with a copy, Petitioner may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).  This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:   **July 3, 2024**                        */s/ Sheila K. Oberto*
                                                 UNITED STATES MAGISTRATE JUDGE